**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS JASON CLEMENTS,** | ) | **CASE NO. 1:12CV1180** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **DAVID OLIVER,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

    This matter comes before the Court upon Plaintiff's Objection to Magistrate's Report and Recommendation (ECF DKT #66), and Objection to Magistrate's Supplemental Report and Recommendation (ECF DKT #75), recommending that the Court grant the Motion for Summary Judgement of Defendants William Atha, Jerry Dumont, and Chief David Oliver, (ECF DKT#44), the only remaining claims in this case. For the following reasons, the Court ADOPTS Magistrate Judge Vecchiarelli's Report and Recommendation and grants the Motion for Summary Judgment (ECF DKT#44).

## BACKGROUND

    Plaintiff and his girlfriend, Cheri Kuss ("Kuss"), lived together in a house on Edson Road in Brimfield Township. Plaintiff contends that the pair jointly rented the

house on a monthly oral agreement. Defendants claim that Kuss rented the house under a signed lease. On June 1, 2010, Kuss called the Brimfield Police Department and reported that Plaintiff had illegally entered her home and stolen her cable box and a spare house key. The police dispatched Officers Atha and Dumont to the scene. When Atha and Dumont arrived at the house, Kuss was present in the house. While the officers were there, Plaintiff arrived. Atha and Dumont questioned Plaintiff regarding Kuss's allegations. Plaintiff told the officers that he rented the house jointly with Kuss. When the officers asked him to show them a lease to prove that he was entitled to occupy the house, Plaintiff said that the lease was a monthly oral agreement, so there was no lease to show the officers. According to Plaintiff, he then showed the officers copies of his Ohio Edison Electric Company bill; his Dominion East Ohio Gas Company bill; and his telephone, internet, and cable bill from Time-Warner Cable Company; and three pieces of mail, all of which were solely in Plaintiff's name at the Edson Road address. Atha and Dumont deny that Plaintiff showed them any bills. The officers told Plaintiff to leave and that his dispute with Kuss was a civil matter that should be resolved in court.

The following day, on June 2, 2010, Plaintiff met with Oliver, then Chief of the Brimfield Township Police Department to complain about Officers Atha and Dumont, and to obtain permission to return to the house. Oliver declined to give such permission and affirmed his officers conduct. Plaintiff returned to the house on June 7, 2010. Police were again summoned to the home at 1:00 a.m. on the report that a stabbing had occurred at the residence. According to Kuss, Plaintiff had kicked in the door of the house armed with a knife and took her cell phone from her. She said she struggled with him and he stabbed her in the arm. She reported that he eventually allowed her to call the Brimfield Fire Department for medical attention. The paramedics responded, accompanied by Atha and Dumont. The officers arrested Plaintiff and charged him with one count of Aggravated Burglary and one count of Felonious Assault.

On June 10, 2010, the grand jury indicted Plaintiff on charges of Aggravated Burglary, Felonious Assault, Kidnaping, and Disrupting Public Services.  On June 8, 2010, Kuss obtained an ex parte Temporary Protection Order against Plaintiff.  On June 28, 2010, Plaintiff was arrested for violating the terms of that Protection Order.  He contends that the Protection Order was not properly obtained and that he was unjustly arrested.  On July 1, 2010, the grand jury returned an Indictment against him on one count of Violating a Protection Order, two counts of Menacing by Stalking, and one count of Intimidation.  On September 30, 2010 and in accordance with a plea agreement, Plaintiff pleaded guilty to Burglary and Felonious Assault and to one count of Menacing by Stalking.  The court sentenced Plaintiff to three years incarceration and three years of Supervised Release. The court granted a Motion for Judicial Release on June 12, 2012.

Plaintiff filed this action on May 14, 2012.   In his Complaint, Plaintiff asserts fifteen counts for relief.  Seven of the counts concern the incident that occurred on June 1, 2010.  Three of the counts for relief pertain to the June 7, 2010 incident.  Three of the counts for relief pertain to the Temporary Protection Order that was granted to Ms. Kuss on June 8, 2010.  The last two counts of the Complaint express general causes of action against the Brimfield Police Department and Brimfield Township.  Pursuant to the Court's Opinion and Order dated November 14, 2012, Counts Six through Fifteen of the original Complaint were dismissed pursuant to 28 U.S.C.§1915(E).  The only causes of action which the Court did not dismiss related solely to Officer Atha, Officer Dumont and Chief Oliver on Plaintiff's claim of denial of procedural due process and violation of the Fourteenth Amendment, and unreasonable seizure of property in violation of the Fourth Amendment in connection with the June 1, 2010 incident.

## **LAW AND ANALYSIS**

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." Fed. R. Civ. P. 56(c).  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex,* 477 U.S. at 324.    The trial court has no "duty to search the entire record to establish that it is bereft of a genuine issue of material fact."  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989).  That is, the nonmoving party has an affirmative duty to direct the court's attention to specific evidence upon which it seeks to rely.  *Al-Qudhai'een v. America West Airlines, Inc.*, 267 F. Supp.2d 841, 845 (S.D. Ohio 2003) (citing In re Morris, 260 F.3d 654, 665 (6th Cir. 2001)).  The lack of such a response by the nonmoving party may result in an automatic grant of summary judgment. *Reeves v. Fox Television Network*, 983 F.Supp. 703, 709 (N.D. Ohio 1997).

Defendants Atha, Dumont, and Oliver assert that they did not violate Plaintiff's Fourth or Fourteenth Amendment rights when Plaintiff was ordered to leave the house and not return, surrender the house key, and remain in the front yard while they investigated Kuss's accusations.   Defendants also claim qualified immunity.  Plaintiff contests these assertions and denies that the defendants are entitled to qualified immunity.

Whether government officials are entitled to qualified immunity involves two questions: (1) whether, considering the undisputed facts in a light most favorable to the party injured, a statutory or constitutional right has been violated, and (2) whether that right was clearly established at the time of the alleged violation.  *Aldini v. Johnson*, 609

F.3d 858, 863 (6th Cir. 2010) (quoting *Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d 394, 400 (6th Cir. 2009)).  For a right to be "clearly established," the "contours of the right must be sufficiently clear that a reasonable [government official] would understand that what he is doing violates that right."  *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) (quoting *Harris v. City of Circleville*, 583 F.3d 356, 366-67 (6th Cir. 2009)).  The burden is on the plaintiff to demonstrate that a right was clearly established at the time of the alleged violation*.  Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009).  A court may consider the prongs of the two-part test in whatever order is appropriate in light of the issues before the court.  *Colvin*, 605 F.3d at 290; *Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009).

  The Magistrate Judge thoroughly examined Plaintiff's claims that Defendants seized his real property without due process in violation of the Fourteenth Amendment, and seized his real property "unreasonably," in violation of the Fourth Amendment.  After reviewing the facts surrounding Plaintiff's claims, the Magistrate Judge determined that Plaintiff's only claim to ownership or lease of real property in this case is in his allegation that he and Kuss rented the house and grounds by way of an oral, monthly lease.  The Magistrate Judge concluded that this argument fails because Plaintiff's Burglary conviction, which negates his claim to any ownership interest in the house, bars him from asserting that he had an oral monthly lease in June of 2010.

  In his Objections to the Magistrate's Report and Recommendation and Supplemental Report, Plaintiff asserts that because the claims against Officers Atha, Dumont, and Oliver were able to proceed after the other claims were dismissed, than that meant his Burglary conviction was not an issue.  The Court does not find Plaintiff's arguments persuasive.  A person convicted of a crime may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside.  *See*

*Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

The Court agrees with the Magistrate Judge that when Clements pleaded guilty to Burglary, he necessarily admitted that he trespassed on the property or premises of another and was not permitted to enter the premises without authorization when he entered the house on Edson Road. A judgment on the merits of Plaintiff's claims against Defendants would necessarily affect the validity of his state conviction for Burglary because it would imply that Plaintiff was authorized to enter the house.

The Magistrate Judge reviewed Defendants assertion of qualified immunity. As stated earlier, a plaintiff seeking to defeat an assertion of qualified immunity must demonstrate both that a statutory right was violated and that the right was clearly established at the time. In this case, Plaintiff alleges that Atha and Dumont violated his rights to collect personal property from the house, surrender his key, and to stay away from the house. As to Oliver, Plaintiff alleges that Oliver unreasonably seized Plaintiff's personal property by ratifying Atha's and Dumont's orders. The Court agrees with the Magistrate Judge that police at the scene of a disturbance are in no position to sort out the legal rights of the various parties to the disturbance. That is the job of the courts, and Atha and Dumont properly told Clements to avail himself of the court to assert his rights. Therefore, the Court finds that Plaintiff has failed to prove that the officers are not entitled to qualified immunity.

## **CONCLUSION**

The Court finds that the Magistrate Judge thoroughly reviewed Plaintiff's claims and correctly applied the pertinent law. The Court agrees with the Magistrate Judge's conclusion that granting Plaintiff relief on any of his remaining causes of action would impermissibly call into question his conviction for Burglary. Additionally, Atha, Dumont, and Oliver are entitled to qualified immunity. Therefore, Defendants' Motion for Summary

Judgment is GRANTED. Petitioner's Complaint is dismissed as without merit.

**IT IS SO ORDERED.**

**DATE: 8/19/13**

          s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**